UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 89-289-MLW |
| | ) | |
| VINCENT FERRARA | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                     May 23, 2008

Vincent Ferrara was released from federal prison on May 26, 2005.  He then began serving a three-year term of Supervised Release on certain conditions.  That term of Supervised Release is scheduled to expire on May 25, 2008.

Ferrara has been supervised by the United States Probation Office, which until recently reported no issues concerning his compliance with the conditions of his Supervised Release.  However, on April 29, 2008, Probation informed the court that the Norfolk County District Attorney had obtained an indictment charging Ferrara with a misdemeanor, conspiring to use a telephone for the purpose of gambling in violation of M.G.L. c. 274, §7.  Such a crime would violate the condition of Ferrara's Supervised Release that prohibits him from committing another federal, state, or local crime.

Following its usual practice, Probation consulted the United States Attorney's Office and promptly attempted to obtain from the state prosecutors the documents and information necessary to determine whether to file a petition for revocation of Ferrara's Supervised Release.  However, an Assistant District Attorney

responded that the relevant materials were under seal and could not be made available at least until Ferrara was arraigned on the state charge.  Ferrara, who had not been arrested, was ordered to appear for arraignment in state court on May 20, 2008, and appeared as required.

On May 21, 2008, Probation received from the Norfolk County District Attorney's Office some, but not all, of the documents relevant to the state charge against Ferrara.  Probation immediately reviewed the materials with the federal prosecutor it understood would represent Probation if it filed a petition to revoke Ferrara's Supervised Release. Additional information was obtained and reviewed on May 22, 2008.  Probation understands that there remains a great deal of evidence and information relating to the state investigation of the charge against Ferrara that has not been provided to Probation.  That information may include exculpatory evidence that is relevant to determining whether there is a proper basis for seeking revocation of Ferrara's Supervised Release and which would have to be disclosed to Ferrara before any hearing to determine whether his Supervised Release should be revoked.  However, Probation received no assurance that it would receive complete access to the state files.

If Probation filed a verified petition alleging that Ferrara violated a condition of Supervised Release and the court issued a warrant or summons for Ferrara on the basis of that allegation

2

before May 25, 2008, the term of Ferrara's Supervised Release would be extended for "any period reasonably necessary for the adjudication" of the matter.   18 U.S.C. §3583(i).   After consulting the prosecutor assigned to the matter and applying its usual standards, Probation decided that it was not necessary or appropriate to file a petition alleging that Ferrara had violated the condition that prohibited him from committing a state crime while on Supervised Release.   Probation did perceive a possibly provable violation of the condition of Ferrara's Supervised Release concerning associating with a known felon.   However, applying its standard policy and following its usual practice, Probation determined that such a possible violation was a matter that would ordinarily be dealt with administratively and did not merit the filing of a petition for revocation of Ferrara's Supervised Release.   Therefore, on May 22, 2008, Probation informed the prosecutor and the court that it did not intend to file such a petition.

On May 23, 2008, the United States Attorney filed a motion for revocation of Ferrara's Supervised Release and an excerpt of an affidavit (the "Motion").   The Motion requests the issuance of a summons and, therefore, the extension of the term of Ferrara's Supervised Release.   See 18 U.S.C. §3583(i).

The Motion alleges that Ferrara violated the condition that prohibits him from committing a crime while on Supervised Release

3

and also the condition that prohibits him from "associat[ing] with any persons engaged in criminal activity [or] any person convicted of a felony unless granted permission to do so by the probation officer." The government moved for the sealing of the excerpt of the affidavit filed in support of its motion that is replete with information from state electronic surveillance whose legality has not yet been litigated. Consistent with standard practice, the court sealed the complete Motion, at least until the request for a summons is decided. The government served the Motion on counsel for Ferrara.

The court held a hearing on the Motion on May 23, 2008. Counsel for the government and Ferrara participated. The court exercised its discretion to close the hearing to the public because it anticipated that the hearing would include substantial discussion of the evidence derived from the state electronic surveillance, whose legality has not been tested and the court was concerned about possible injury to the rights of Ferrara's codefendants in the state case. See In re Globe Newspaper Company, 729 F.2d 47 (1st Cir. 1984).

At the hearing, the government acknowledged its obligation to provide sufficient information to establish probable cause to believe a particular alleged violation of Supervised Release occurred in order to obtain a summons and extend the period of Ferrara's Supervised Release for the period reasonably necessary to

4

adjudicate the merits of that charge.  Probable cause exists if the information presented is sufficient to warrant a prudent person in believing that the asserted events occurred.  <u>United States v. Link</u>, 238 F.3d 106, 109 (1st Cir. 2001).  It "does not demand any showing that such a belief be correct or more likely true than false."  <u>Texas v. Brown</u>, 460 U.S. 730, 742 (1981).

The court finds that the government has established probable cause to believe that Ferrara violated two conditions of his Supervised Release in certain ways.  First, state law requires that a grand jury find probable cause in order to charge a person with a crime. <u>Commonwealth v. McCarthy</u>, 430 N.E.2d 1195, 1197 (Mass. 1982). On April 29, 2008, the state grand jury charged Ferrara with the misdemeanor offense of conspiracy with Dominic Santoro and others to use a telephone for bookmaking purposes in violation of M. G. L. c. 274, §7.  This indictment is sufficient to establish the probable cause necessary to justify the issuance of a summons based on the alleged violation of the condition which prohibits Ferrara from committing a crime while on Supervised Release. <u>United States v. Hacker</u>, 450 F.3d 808, 815 (8th Cir. 2006).

The court also finds that the government has established probable cause to believe Ferrara associated with Santoro, who Ferrara knew was engaged in bookmaking, a criminal activity.[1]  This

---

[1]The court does not find probable cause to believe that Ferrara's mere association with Santoro, who he knew was a convicted felon, was improper because the available information

conclusion is based on the information contained in the excerpt of the affidavit attached as Exhibit 3 to the Motion.   Therefore, the summons is being issued based on this allegation as well.

The government has not established probable cause to believe that Ferrara violated the conditions of his Supervised Release by committing any other crime or associating with any other person. Among other things, the court does not find that the information submitted provides probable cause to believe that Ferrara extorted Santoro or anyone else.   Exhibit 3 to the Motion includes contentions that Ferrara was engaging in extortion.   However, the state grand jury, which undoubtedly had more information concerning Ferrara than this court, evidently did not find probable cause to indict him for extortion of Santoro or anyone else.   This court finds that Exhibit 3 is not sufficient to establish probable cause that Ferrara engaged in extortion.

Therefore, the court is ordering the issuance of the attached summons for Ferrara to appear on two alleged violations of his conditions of Supervised Release: (1) committing the state crime of conspiring with Santoro and the others named in the state indictment to use a telephone for bookmaking in violation of M.G.L. c. 274, §7; and (2) associating with Santoro with knowledge that Santoro was engaged in bookmaking, a criminal activity.   As a

_____

indicates that Ferrara disclosed to Probation that he was in contact with Santoro and their association was not prohibited by Probation.

6

result of the issuance of the summons before May 25, 2008, Ferrara's Supervised Release will be extended for the time reasonably necessary for the court to adjudicate the merits of the two alleged violations on which the summons is based. See 18 U.S.C. §3583(i).

The issuance of the summons imposes certain obligations on the government. It must disclose to Ferrara all of the evidence against him concerning the alleged violations of his conditions of Supervised Release as to which the court has found probable cause. See Fed. R. Crim. P. 32(b)(2)(B). It must also provide to Ferrara all material exculpatory evidence or information that is in the possession of any federal, state or local enforcement agency that participated in the investigation of those alleged violations. Brady v. Maryland, 373 U.S. 83, 87 (1963) (imposing duty to disclose evidence "material either to guilt or to punishment"); Kyles v. Whitley, 514 U.S. 419 (1995); Rules 116.2 and 116.8 of the Local Rules of the United States District Court for the District of Massachusetts. In addition, the government must identify the witnesses it will present at the revocation hearing and provide Ferrara with their statements. See Fed. R. Crim. P. 32.1(e) and 26.2.

As the government recognized at the May 23, 2008 hearing, it is necessary and appropriate that the merits of the two alleged violations of Ferrara's Supervised Release be adjudicated as soon

as reasonably possible.  Therefore, in view of the foregoing, it is hereby ORDERED that:

1.    The government shall, by May 29, 2008, at 12:00 noon produce to Ferrara: (a) the evidence against him concerning the two alleged violations of the conditions of Supervised Release as to which the court has found probable cause to issue a summons; (b) all material exculpatory evidence and information concerning those charges; and (3) a list of the witnesses it intends to present at the revocation hearing.[2]

2.    The attached summons is issued for Ferrara to appear on May 30, 2008, at 3:00 p.m., for a conference to address issues relating to the hearing which will be conducted to determine if Ferrara's Supervised Release should be revoked.  See Fed. R. Crim. P. 32.1(b)(2).

3.    Unless otherwise ordered, the revocation hearing will commence on June 10, 2008, at 9:30 a.m., and continue from day to day until concluded.

4.    Ferrara's Supervised Release on the existing conditions shall continue for the time reasonably necessary to adjudicate this matter.

---

[2]The government is also encouraged, but not ordered, to, provide Ferrara by May 29, 2008, the witness statements which will have to be produced at the revocation hearing.  See Fed. R. Crim. P. 32.1(e) and 26.2.

/s/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE