```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 89-00289-MLW |
| ) | |
| VINCENT FERRARA ) | |

<u>ORDER</u>

WOLF, D.J.                                          June 3, 2008

Vincent Ferrara was released from federal prison on May 26, 2005, and immediately began serving a three-year term of Supervised Release which was scheduled to expire on May 25, 2008.

On May 23, 2008, the United States Attorney filed a motion for revocation of Ferrara's Supervised Release based on the alleged conduct for which Ferrara had been indicted, in April, 2008, in Massachusetts state court, for the misdemeanor offense of conspiracy with Dominic Santoro and others to use a telephone for bookmaking purposes in violation of M. G. L. c. 274, §7, and based on information provided to the United States Attorney's Office about the circumstances surrounding that indictment.

On May 23, 2008, a hearing was conducted on the government's motion. At the hearing, the court found probable cause to believe that Ferrara violated two conditions of his Supervised Release in certain ways, but did not find probable cause to believe that Ferrara committed any other violations of his Supervised Release conditions. <u>See</u> May 23, 2008 Memorandum and Order. First, the

1

court found that the indictment provided probable cause to believe that Ferrara committed the misdemeanor with which he had been charged in state court and, therefore, had violated the condition which prohibits Ferrara from committing a crime while on Supervised Release ("the Gambling Violation"). Id. at 5-6.[1] Second, the court found probable cause to believe that Ferrara associated with Santoro, who Ferrara knew was engaged in bookmaking, a criminal activity, in violation of the condition prohibiting such association ("the Association Violation"). Id. at 6. Therefore, on May 23, 2008, the court issued a summons for Ferrara to appear on these two alleged violations.

The issuance of the summons extended Ferrara's Supervised Release only for the "period reasonably necessary for the adjudication" of these violations. 18 U.S.C. §3583(i). Therefore, the court scheduled a revocation hearing for June 10, 2008. To comply with the applicable Federal Rules of Criminal Procedure and Supreme Court precedent, the court ordered the government to, by May 29, 2008, provide Ferrara with all of the evidence against him concerning the alleged violations, all material exculpatory evidence, and a list of the witnesses it intended to present at the revocation hearing. See Fed. R. Crim. P. 32(b)(2)(B), 32.1(e) and

---

[1] The court found that the government had not established probable cause to believe that Ferrara committed any other crime, including extortion. See May 23, 2008 Memorandum and Order at 6-7.

26.2; Brady v. Maryland, 373 U.S. 83, 87 (1963); D. Mass. L. R. 116.2 and 116.8.

On May 27, 2008, in a sealed submission, the parties informed the court that they had reached a tentative agreement to resolve the pending motion for revocation of Supervised Release. On June 2, 2008, the parties filed under seal the attached submissions explaining their proposed resolution of this matter and the reasons for it.

Under the parties' proposed resolution, Ferrara will admit to the Association Violation, and the government will ask the court to vacate the Gambling Violation charge. The parties jointly recommend that Ferrara be sentenced on the Association Violation to a prison term of one day, followed by two years of Supervised Release. The proposed resolution operates like a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(A) and (C). Therefore, Ferrara may withdraw his admission to the Association Violation if the court rejects the parties' proposed resolution.

The parties assert that the proposed resolution is appropriate because litigation of the Gambling Violation in a Supervised Release revocation proceeding would likely require protracted federal litigation that could adversely impact, and be significantly complicated by, the parallel state proceeding against Ferrara and his twelve state co-defendants. For example,

prosecution of the Gambling Violation in a revocation proceeding could require that this federal court conduct hearings and rule on the admissibility of state wiretap evidence before the legality of the wiretaps are litigated in state court.  The parties also assert that the proposed resolution will provide appropriate punishment for Ferrara on the Association Violation and permit the alleged Gambling Violation to be resolved in the state court, where the matter was originally charged.

In view of the foregoing, it is hereby ORDERED that:

1. The attached Joint Motion Requesting That Court Accept Parties' Joint Recommendation and Contingent Motion of the United State to Vacate; Joint Memorandum in Support of Recommendation Regarding the Government's Motion for Order Revoking Defendant's Supervised Release; and June 2, 2008 Agreement re: Cr. No. 89-00289-MLW are UNSEALED.

2.  Vincent Ferrara shall appear at the Office of the United States Marshal on June 4, 2008, at 9:00 a.m., to be detained pending a hearing to be conducted, at 3:00 p.m. that day, to determine whether the court should allow the Joint Motion Requesting That Court Accept Parties' Joint Recommendation to resolve the pending Supervised Release revocation proceedings.


                                            /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE